IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOSHUA LOONEY,                      )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )     No. CIV-11-410-FHS
                                    )
MATTHEW LOTT and DUSTIN COLEMAN     )
                                    )
        Defendants.                 )

**OPINION AND ORDER**

Before the Court for its consideration is a portion of Defendants' Motion to Compel (Dkt. No. 24) seeking an order requiring Plaintiff to appear before Dr. William Gillock on August 23, 2012, for a medical examination without the attendance of counsel for Plaintiff. The parties have briefed this issue and the matter is ripe for ruling. For the reasons set forth below, the Court directs Plaintiff to appear for the scheduled medical examination without the attendance of counsel.

On May 5, 2011, Plaintiff was being transported by Defendants Matthew Lott ("Lott") and Dustin Coleman ("Coleman") from the downstairs portion of the Muskogee County Detention Center to an upstairs cell block. Plaintiff, who was handcuffed, alleges he was subjected to unreasonable and excessive force by Lott during the course of his transportation within the detention center. Plaintiff also alleges Coleman failed to make any attempt to restrain Lott from assaulting him. As a result of this assault, Plaintiff contends he sustained injuries.

Pursuant to Rule 35(a)(2)(B) of the Federal Rules of Civil Procedure and the agreement of the parties, Defendants issued a

1

notice to take an independent medical examination of Plaintiff by Dr. Gillock on August 3, 2012, beginning at 3:15 p.m. See Notice to Take Independent Medical Examination (Dkt. No. 20). On the date of the examination, Plaintiff arrived at Dr. Gillock's office 45 minutes late. Because Dr. Gillock had a previously scheduled deposition beginning at 4:15 p.m., Plaintiff's examination was cancelled with the understanding that it would be rescheduled. The parties rescheduled the examination for August 23, 2012, and Defendants issued a second notice to that effect. See Second Notice to Take Independent Medical Examination (Dkt. No. 21). Counsel for Plaintiff thereafter notified counsel for Defendants that Plaintiff would not be appearing for the August 23, 2012, examination "[b]ecause we are not in agreement regarding the exam." Exhibit 8 to Defendants' Motion to Compel (Dkt. No. 24). As framed by the briefing before the Court, Plaintiff's counsel requests that he allowed to be present during Dr. Gillock's examination of Plaintiff. In the alternative, Plaintiff requests that the Court select an independent medical examiner to conduct the examination.

Rule 35(a)(1) provides:

> The court where the action is pending may order a party whose mental or physical condition - including blood group - is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

The order for the examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule 35(a)(2)(B). Since Rule 35 does not specifically address whether a party has the right to have his attorney present at the examination, "the issue is left to the discretion of the trial court." Wheat v. Biesecker, 125 F.R.D. 479, 480 (N.D. Ind. 1989). Plaintiff argues the Court, in

exercising its discretion, should look to Oklahoma state law in deciding this issue. Under Oklahoma law, "[a] representative of the person to be examined may be present at the examination." Okla. Stat. Tit. 12, Sec. 3235(D). Defendants, on the other hand, contend the Court should follow the lead of the majority of the federal district courts, including district courts within the 10th Circuit, and find that counsel for Plaintiff does not have the right to be present for Plaintiff's medical examination before Dr. Gillock. See Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 632 (D. Kan. 1999)(plaintiff did not establish good cause to overcome general rule that counsel has no right to be present during a mental or physical examination) and Douponce v. Drake, 183 F.R.D. 565, 567 (D. Colo. 1998)(Rule 35 examination is not a continuation of the discovery process and neither a third-party's presence nor a tape recording are permitted). While the Court recognizes the Oklahoma rule on this subject, it concludes that the issue before it is a procedural question properly resolved by reference to federal law. See Stefan v. Trinity Trucking, LLC, 275 F.R.D. 248, 249-50 (N.D. Ohio 2011). Consequently, the Court adopts the interpretation of the majority of federal courts and concludes that, absent a showing of good cause, a Plaintiff is required to appear for his medical examination without the presence of his counsel.

Sound reasons exist for the position that, as a general rule, counsel should not be allowed to attend the Rule 35 examination. As explained by the District Court of Kansas in Hertenstein:

> First, an independent medical examination should be divested as far as possible of any adversary character. The presence of a lawyer injects a partisan character into what should otherwise be a wholly objective inquiry. Second, the presence of a lawyer creates a potential ethical problem since he becomes a possible witness and

3

>       might therefore have to withdraw as trial counsel.
>       Third, should the examining physicians improperly
>       question the plaintiff, or if the plaintiff makes
>       statements not germane to the examination, they may be
>       objected to prior to trial or at trial, at which time an
>       appropriate ruling can be made.

Id. at 629 (quoting Dodd-Anderson v. Stevens, 1993 WL 273373 (D. Kan. May 4, 1993)(citations omitted). The Court agrees with this reasoning and finds it persuasive in reaching the conclusion that, as a general rule, counsel should not be permitted to attend Rule 35 examinations.

The fact that Dr. Gillock has been chosen by Defendants to conduct the examination is not, in and of itself, sufficient to deviate from this general rule. Plaintiff offers nothing, other than speculation, to suggest that the examination will be "adversarial" in nature or that Dr. Gillock is biased or prejudiced against him. Moreover, there is absolutely no evidence to suggest that Dr. Gillock will engage in improper questioning or attempt to elicit information other than what is necessary for a competent medical evaluation. Of course, since Defendants have identified Dr. Gillock "as an expert whose opinions may be presented at trial," see Hertenstein, 189 F.R.D. at 632, Plaintiff will have the opportunity to depose Dr. Gillock following a review of the medical reports contemplated by Rules 26(a)(2)(B) and 35(b), and counsel may question Dr. Gillock on any relevant matter concerning these issues. To the extent that it is discovered that improper questioning occurred during the course of the examination, those issues can be properly addressed by the Court prior to trial. Finally, Plaintiff offers nothing to support a finding that he would be unable to competently participate in the medical examination or that he would otherwise be handicapped by being required to submit to the examination without the presence of

counsel. In sum, the Court finds Plaintiff has failed to establish good cause for the presence of his attorney at his Rule 35 examination.

Plaintiff's alternative request for the Court to select an independent medical examiner is likewise denied. While the Court is not bound by Defendants' chosen medical professional, it will generally honor such choice absent legitimate qualification concerns or evidence of impropriety. See Pham v. Wal-Mart Stores, Inc., 2012 WL 1957987, *3 (D. Nev. 2012)("As a general rule, the moving party is permitted to select the physician who will conduct the Rule 35 examination."). Again, no such evidence is presented herein and the Court will not engage in speculation. Consequently, Plaintiff's request to select an independent medical examiner is denied.

Based on the foregoing reasons, that portion of Defendants' Motion to Compel (Dkt. No. 24) seeking an order requiring Plaintiff to appear before Dr. William Gillock on August 23, 2012, for a medical examination without the attendance of counsel for Plaintiff is granted. Plaintiff's request for the Court to select an independent medical examiner is denied.

It is so ordered this 20th day of August, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma